J-S22016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW GONZALEZ | |
| Appellant | No. 28 MDA 2017 |

Appeal from the PCRA Order December 14, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005540-2005

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED AUGUST 16, 2017**

Andrew Gonzalez appeals, *pro se*, from the December 14, 2016 order entered in the Berks County Court of Common Pleas dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court thoroughly summarized the factual and procedural history of this matter in its November 16, 2016 order and notice of intent to dismiss Gonzalez's petition, which we adopt and incorporate herein.  Order and Notice of Intent to Dismiss, 11/16/16, at 1-4 ("PCRA Ct. Order").  On August 16, 2016, Gonzalez filed his fourth PCRA petition, *pro se*.  On November 16, 2016, the PCRA court issued a notice of intent to dismiss

_____

[*] Retired Senior Judge assigned to the Superior Court.

Gonzalez's petition under Pennsylvania Rule of Criminal Procedure 907. On December 2 and 5, 2016, Gonzalez filed two identical responses to the PCRA court's notice. On December 14, 2016, the PCRA court dismissed Gonzalez's petition. Gonzalez timely filed a notice of appeal.

Gonzalez raises the following issues on appeal:

1. Did the trial court err when it unreasonably applied the correct legal rule to the particular facts in determining the timeliness of the PCRA petition[?]

2. Did the act of silence on the part of the trial court judge and/or prosecutor create a false impression that it was permissible to select and impanel two jurors with preconceived opinions to decide the evidence at [Gonzalez]'s trial in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States[?]

3. Did the act of silence on the part of the trial court judge and/or prosecutor create a false impression of a material fact, that [Gonzalez] was tried and convicted before a fair and impartial jury, known to them not to be true, result in [Gonzalez]'s failure to raise previously the juror bias claim at trial, direct appeal, and in his first PCRA petition where he was without the benefit of the trial court record[?]

4. Did the Sixth and Fourteenth Amendments to the Constitution of the United States mandate the trial court judge and/or prosecutor to reveal two of the jurors selected and impaneled on the jury at [Gonzalez]'s trial [were] in fact bias [sic][?]

5. Whether [Gonzalez] was deprived of a fair and impartial jury when the trial court, prosecutor and defense counsel allowed two jurors that were incapable or unwilling to decide his case solely on the evidence at trial denied [him of] his Sixth and Fourteenth Amendment rights to the Constitution of the United States.

Gonzalez's Br. at 4 (some alterations in original).

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Before we reach the merits of Gonzalez's appeal, we must determine whether his PCRA petition was timely filed.

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Gonzalez's judgment of sentence became final on March 29, 2010,[1] when the time to seek review in the Supreme Court of the United States

---

[1] We note that the trial court erroneously calculated the date that Gonzalez's judgment of sentence became final as March 28, 2010. *See* PCRA Ct. Op. at 5.

expired.[2]  He had one year from that date, that is, until March 29, 2011, to file a timely PCRA petition.  Therefore, his current petition, filed on August 16, 2016 is facially untimely.

Gonzalez's petition remains untimely unless it alleges and proves a PCRA time-bar exception.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76.  In addition, when invoking an exception to the PCRA time bar, the petition

---

[2] Gonzalez had 90 days from the date the Supreme Court of Pennsylvania denied his petition for allowance of appeal to file a petition for a *writ of certiorari* with the Supreme Court of the United States.  *See* U.S. S. Ct. R. 13.

must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Based on our review of the certified record, the parties' briefs, and the relevant law, we conclude that the trial court appropriately dismissed Gonzalez's PCRA petition as untimely, because he failed to establish any of the PCRA time-bar exceptions. We reach these conclusions for the reasons stated in the Honorable Mary Ann Ullman's well-reasoned opinion, which we adopt and incorporate herein. *See* PCRA Ct. Op. at 4-7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS

                              :    OF BERKS COUNTY, PENNSYLVANIA

                              :    CRIMINAL DIVISION

             v.                 :

                              :    No.: CP-06-CR-5540-2005

ANDREW GONZALEZ,                 :

                 Petitioner    :    ULLMAN, J.

                              :    POST CONVICTION RELIEF ACT

## ORDER AND NOTICE OF INTENT TO DISMISS

AND NOW, this 14th day of November, 2016, pursuant to Pa.R.Crim.P. 907(1), Notice is hereby given of this Court's intention to dismiss Andrew Gonzalez's (hereinafter Petitioner) fourth Petition for Post-Conviction Collateral Relief (hereinafter PCRA), filed on August 16 2016, without a hearing. After a careful review of the petition and the record, this Court concludes that it is without jurisdiction to hear the substantive claims raised by the Petitioner as the petition was untimely filed and Petitioner has failed to prove that one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. Com. v. Dickerson, 900 A.2d 407, 410 (Pa. Super. Ct. 2006).

In the early morning hours of June 5, 2005, a group of people gathered for a party at the apartment of Michelle Grubb. After a beer bottle was dropped from the third floor shattering on the sidewalk below, a neighbor demanded that whoever threw the bottle clean up the mess "because kids play here." Defendant/Petitioner Andrew Gonzalez and two co-defendants left the apartment approximately ten to fifteen minutes after the incident and Ms. Grubb heard gunshots being fired a couple of minutes after the group left her apartment. The complaining neighbor had been shot and killed; the cause of his death was determined by autopsy to be a gunshot wound to the chest. Eyewitnesses stated that they saw the Defendant and co-defendants firing their guns in the direction of the neighbor.

On June 8, 2006 after a trial by jury, Petitioner was found guilty of Murder of the Third

1



Degree, two counts of Aggravated Assault, one count of Firearms not to be Carried without a License, two counts of Possessing Instruments of Crime, one count of Recklessly Endangering Another Person, and four counts of Conspiracy. Petitioner was sentenced on July 28, 2006 to serve a sentence of not less than twenty nor more than forty years for his conviction of Murder of the Third Degree with the Deadly Weapons Enhancement. On August 28, 2006, Petitioner filed a Notice of Appeal to the Superior Court. Petitioner's counsel failed to file a concise statement of error and the Superior Court dismissed his appeal on October 19, 2006. Petitioner filed an application for relief on December 28, 2006 in which he alleged ineffective assistance of counsel.

On January 16, 2007, PCRA counsel was appointed to represent Petitioner, yet Petitioner filed his first PCRA petition *pro se*. Counsel for Petitioner filed an amended PCRA petition on August 15, 2008, after requesting and receiving several extensions to the filing deadline. The Commonwealth filed an Answer to Petitioner's amended petition and on September 29, 2008, Petitioner's Amended PCRA Petition was granted. PCRA counsel was ordered to file a direct appeal *nunc pro tunc*. The direct appeal was filed on October 15, 2008. On June 26, 2009, the Superior Court affirmed the judgment of sentence.

On July 6, 2010, Petitioner filed a PCRA petition and counsel was appointed for him. On July 15, 2011, Petitioner's counsel was given funds to hire an investigator to investigate Petitioner's claims of missing witnesses. On September 22, 2011, PCRA counsel filed an amended PCRA petition requesting an evidentiary hearing. The Court held an evidentiary hearing on November 10, 2011. On November 16, 2011 the amended PCRA petition was withdrawn and Petitioner's PCRA counsel was permitted to withdraw.

On February 27, 2012, Petitioner filed a second PCRA petition *pro se*. In this petition, he

2

sought a lesser sentence or a new trial. On March 16, 2012, the Court sent Petitioner a Notice to Dismiss pursuant to Pa.R.Crim.P. 907(1). On March 22, 2012, Petitioner requested new PCRA counsel be appointed to him. The court denied this request for another PCRA attorney on March 30, 2012. On April 5, 2012, Petitioner filed his response to the Court's Notice to Dismiss, stating that his second PCRA petition should be deemed timely filed, and arguing that the filing timeframe should run from November 16, 2011, the date of the withdrawal of his petition. On April 18, 2012, the Court dismissed the second PCRA petition, for lack of jurisdiction, on the basis that the withdrawal of this second PCRA petition did not reset the time limit to file. Petitioner appealed this dismissal to the Pennsylvania Superior Court, but then withdrew his appeal on January 7, 2014.

On September 30, 2014, Petitioner filed a third *pro se* PCRA petition. On November 17, 2014, the Court filed a Notice to Dismiss on November 17, 2014, finding that Petitioner's third PCRA petition, like his second PCRA petition, was filed untimely and that no exception to the time bar applied to Petitioner's case based upon the facts he presented. On December 6, 2014, Petitioner requested an extension of time to file a response, which the Court granted on December 16, 2014. Petitioner then filed a second petition for an extension of time which the Court granted on January 8, 2015.

Petitioner filed a response to the Notice to Dismiss and filed a new motion for leave to file an amended PCRA petition on January 27, 2015. On February 18, 2015, the Court granted Petitioner's motion to file an amended PCRA petition on the narrow ground that Petitioner specify upon what facts his otherwise untimely PCRA petition fit one of the PCRA timeliness exceptions and granted him thirty (30) to file his Amended Petition. Petitioner failed to file his amended PCRA petition within the thirty days, instead, on March 23, 2015, Petitioner requested

3

another extension of time. On March 30, 2015, the Court issued an order denying Petitioner's Motion for Extension of Time to File an Amended PCRA Petition.

On May 12, 2015, Petitioner filed a Notice of Appeal of the Court's denial of his motion for another extension of time to file his amended PCRA petition. The Court issued an order on May 18, 2015 directing Petitioner to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). He complied with the Court's Order and filed his Concise Statement on June 4, 2015. The trial court filed its memorandum opinion on July 13, 2015. The Superior Court affirmed the trial court's decision on July 6, 2016.

On August 16, 2016, Petitioner, *pro se*, filed his fourth PCRA Petition. In claiming his eligibility for relief under the Post-Conviction Collateral Relief Act, 42 Pa.C.S.A. Sec. 9541 *et seq.*, Petitioner cites the following:

1.      A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
2.      Ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

Specifically, Petitioner's allegation of error is:

Whether Petitioner was deprived of a fair and impartial jury when the trial court, prosecutor, and defense counsel allowed two jurors that were incapable or unwilling to decide his case solely on the evidence at trial denied his Sixth and Fourteenth Amendment Rights to the Constitution of the United States.

First we must determine whether this Court has jurisdiction to address the claim raised by Petitioner. A petition for relief under the PCRA must be filed within one year of the date the judgment becomes final. According to the plain language of 42 Pa.C.S.A. § 9545(b)(3), a judgment becomes final "at the conclusion of direct review, including discretionary review in the

4

Supreme Court of the United States, or at the expiration of time for seeking the review." *See* Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000) (*the petition must be filed within one year of the "expiration of direct review" if one of the three limited exceptions does not apply*). The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed. Commonwealth v. Abu Jamal, 941 A.2d 1263, 1267–68 (Pa.2008).

Petitioner was sentenced on July 28, 2006. He appealed his sentence on August 28, 2006 and his appeal was dismissed on October 19, 2006 for failure to file a brief. After being allowed to file a direct appeal *nunc pro tunc*, Petitioner filed his direct appeal on October 15, 2008. The Pennsylvania Superior Court affirmed his sentence on June 26, 2009. Petitioner appealed to the Pennsylvania Supreme Court, which denied his appeal on December 29, 2009. Therefore, his judgment of sentence became final on March 28, 2010, ninety days after the Pennsylvania Supreme Court denied his appeal. He had one year from that date to file his petition. Petitioner's present PCRA Petition was filed on August 16, 2016 and is clearly untimely, but Petitioner asserts that he meets an exception to the timeliness bar.

The one-year time limit applies unless the petition alleges, and the petitioner proves that an exception to the time for filing the petition, as set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. Gamboa-Taylor, *supra*, at 783. These exceptions include: (1) interference by government officials in the presentation of the claim; (2) after-discovered facts or evidence, and (3) an after-recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). A PCRA petition invoking one of these statutory exceptions must be filed within 60 days of the date the claims could have been presented. Gamboa-Taylor, *supra*, at 783; 42 Pa.C.S.A. §9545(b)(2). Where the petition is untimely, it is

5

the petitioner's burden to plead in the petition and prove that one of the exceptions applies. Commonwealth v. Crews, 863 A.2d 498, 501 (Pa.2004).

"[I]t is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." Commonwealth v. Brown, 943 A.2d 264, 267 (Pa. 2008). "The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." Commonwealth v. Eller, 807 A.2d 838, 845 (Pa. 2002).

Petitioner's claim is that the exception to the one-year time limit applies under the first exception of interference by government officials in the presentation of the claim. He contends that the judge, prosecutor, and defense counsel all allowed two impartial jurors to sit on the jury panel that convicted him on June 8, 2006 and that he just discovered this fact on August 1, 2016. Petitioner's reliance on the governmental interference exception is misplaced.

Section 9545 allows for an exception to the timeliness requirements where "*the failure to raise the claim previously* was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545 (b)(1)(i) (emphasis added). Petitioner alleges that the governmental interference was the due process violation that occurred in 2006. However, he does not allege that any government interference *was the reason why* he filed this fourth PCRA petition over five years late. Petitioner states that he:

> was not skilled in the science of law, at trial, direct appeal, or at the time of his state post conviction proceedings, and was incapable of determining for himself what the facts meant as applied to the law until now[.] . . . [A]s soon as petitioner realized that the facts and law established a constitutional claim . . . he submitted his petition within sixty (60) days of the date he learned of the claims, which was August 1, 2016.

6

The standard for timeliness does not hinge upon when Petitioner developed the personal knowledge of the law and purported facts to create a cognizable due process claim. Because the delay in the filing of the PCRA petition was not the result of any government interference, the timeliness exception raised by Petitioner must fail. Further, Petitioner cannot raise his own ineffectiveness as grounds for eligibility.

For the reasons outlined above, this Court hereby gives Petitioner Notice of its intention to dismiss his fourth PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). **Petitioner shall have twenty (20) days from the date of this Notice to respond to the proposed dismissal. If no response is received by this Court within the time period provided for, this Court will file an Order dismissing the fourth Petition for Post-Conviction Collateral Relief.**

BY THE COURT:

MARY ANN ULLMAN, J.

7